IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                          CASE NO. 24-3046-JWL

JOHNSON COUNTY BOARD
OF COMMISSIONERS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").

The Court entered a Memorandum and Order ("M&O") (Doc. 43) on December 9, 2024, dismissing several counts brought in Plaintiff's Amended Complaint ("AC") (Doc. 28) and finding that the remaining counts survive screening under 28 U.S.C. § 1915A. This matter is before the Court on a motion to reconsider (Doc. 46) filed by Plaintiff on December 16, 2024.

Plaintiff asks the Court to reconsider several aspects of the M&O. First, Plaintiff asks that the Johnson County Board of Commissioners ("JCBC") be named as a defendant. (Doc. 46, at 1.) The Board is already named as a defendant, so this request is denied.

Plaintiff next asserts that his *Monell* claim (Count IX of the AC) should not have been dismissed and argues about the liability of the JCBC. As explained in the M&O, Plaintiff does not name the JCBC as a defendant to Count IX. Rather, he names Sheriff Hayden and the Summit Company as defendants to this count. (*See* AC, Doc. 28, at 7.) The Court stated that neither are

1

municipal bodies subject to liability pursuant to *Monell* and dismissed Count IX. This ruling does not preclude Plaintiff from arguing that the JCBC should be liable under *Monell,* or that the Summit Company should be liable on a similar basis, if a constitutional violation is found.

Plaintiff also argues that Count X of the AC should not have been dismissed. He restates prior arguments about how the kitchen manager, kitchen supervisor, Sheriff Hayden, and the Summit dietician personally participated or failed to intervene in the alleged violation of his rights. Plaintiff denies that the count was asserting vicarious liability. However, the Court found the count to be confusing. Upon reconsideration, Count X remains dismissed. Plaintiff does not need a separate count for "Supervisor Liability" to assert liability against supervisors who personally participated in the alleged constitutional violations any more than he would need a separate count for "Subordinate Liability." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

Last, Plaintiff asks that Count II, his Establishment Clause claim, be reinstated. "[G]overnment impermissibly endorses religion if its conduct has either (1) the purpose of or (2) the effect of conveying a message that 'religion or a particular religious belief is favored or preferred.'" *Bauchman for Bauchman v. West High School,* 132 F.3d 542, 551 (10th Cir. 1997). "[T]he purpose component of the endorsement test should evaluate whether the government's 'actual' purpose is to endorse or disapprove of religion ... [and] [t]he effect component ... evaluate[s] whether a 'reasonable observer,' aware of the history and context of the community in which the conduct occurs, would view the practice as communicating a message of government endorsement or disapproval." *Id.* at 551–52 (citing *Capital Square Review & Advisory Bd. V. Pinette,* 515 U.S. 753, 779–81 (1995)). The "appropriate" Establishment Clause analysis includes

"both the purpose and effect components of the refined endorsement test, together with the entanglement criterion imposed by *Lemon.*" *Id.* at 552. The Court found that Plaintiff did not include sufficient support for an Establishment Clause claim, and his motion to reconsider does not convince the Court otherwise. If as the case proceeds additional evidence supporting this claim is revealed, Plaintiff may seek leave to amend his Complaint at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to reconsider (Doc. 46) is **denied**.

**IT IS SO ORDERED.**

**Dated December 19, 2024, in Kansas City, Kansas.**

        **S/  John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**