IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

      **Plaintiff,**

      v.

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

      **Defendants.**

Case No. 24-3046-JAR-RES

## MEMORANDUM AND ORDER

On April 23, 2025, Defendants Johnson County Board of County Commissioners, Calvin Hayden, and Brian Zeef filed their Motion for Summary Judgment in this action.[1] On May 3, 2025, Plaintiff Steven Crump filed a motion requesting an extension of time to respond to Defendants' summary judgment motion.[2] The Court granted Plaintiff's request, giving Plaintiff until June 3, 2025 to file his response.[3] Plaintiff failed to file his response by the June 3 deadline. This matter is now before the Court on Plaintiff's second motion requesting an extension of time to respond (Doc. 74), filed June 5, 2025. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiff's motion. Plaintiff must file its response to Defendants' summary judgment motion by July 3, 2025.

When a motion for extension of time is made after the deadline expires, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect."[4]

---

[1] Doc. 62.

[2] Doc. 66.

[3] Doc. 68.

[4] Fed. R. Civ. P. 6(b)(1)(B).

Therefore, Plaintiff must show both good cause and excusable neglect for his request to be granted. When determining whether there was excusable neglect, courts consider circumstances such as: (1) "the danger of prejudice to [the nonmoving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[5] Good cause is a higher standard than excusable neglect.[6]

> We have said that [w]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least as much* as would be required to show excusable neglect. Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts.[7]

Here, Plaintiff's motion includes two reasons for seeking an extension: (1) a medical issue has limited his ability to respond, and (2) he should be granted a continuance until all defendants have entered an appearance and filed a summary judgment motion. The Court concludes that Plaintiff's emergency medical issue constitutes excusable neglect and good cause. Medical emergencies are typically not within the control of the person affected, and a delay until July 3, 2025 will not have a great impact on judicial proceedings. Further, the extension will not greatly prejudice Defendants.

Plaintiff's argument that the Court should grant him a continuance until all defendants have entered an appearance and filed a summary judgment motion does not constitute good cause or excusable neglect. Defendants' summary judgment motion raises the defense of

---

[5] *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 395 (1993).

[6] *See Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017).

[7] *Id.* (citation modified).

qualified immunity, and an essential attribute of qualified immunity is a right not to face the burdens of litigation.[8]  The Court does not intend to diminish that right.  Thus, the Court will not make Defendants wait for appearances or summary judgment motions that may or may not be filed, indefinitely subjecting them to the burdens of litigation.

The Court reluctantly grants Plaintiff's motion for extension.  Plaintiff's motion includes a conclusory allegation of an "emergency medical issue" and does not go into any detail about this emergency.  The Court assumes Plaintiff's motion was in good faith but will not grant any more extensions without a more detailed explanation.  Plaintiff's new deadline to file a response to Defendants' summary judgment motion is July 3, 2025.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for an extension of time (Doc. 74) to file a response to Defendants' Motion for Summary Judgment is **granted**.  Plaintiff will have until July 3, 2025, to file his response to Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: June 26, 2025

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[8] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).