IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

       **Plaintiff,**

       v.

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

       **Defendants.**

Case No. 24-3046-JAR-RES

## MEMORANDUM AND ORDER

Plaintiff Steven Crump, who proceeds pro se and in forma pauperis, was detained at the Johnson County Adult Detention Center ("JCADC") at the time he filed this 42 U.S.C. § 1983 lawsuit against the Johnson County Board of Commissioners and others, generally alleging that they violating his First Amendment rights by not providing kosher meals during Ramadan and Passover, not providing halal meals for Muslims, and serving sack lunches of non-approved halal food. This matter is now before the Court on Plaintiff's Motion for Summary Judgment (Doc. 51), Motion for Default Judgment (Doc. 55) as to Summit Company, and Motion to Strike (Doc. 59) W. James Foland's entry of appearance[1] on behalf of Summit Food Service, LLC and Summit Food Service, LLC's response to Plaintiff's motion for default judgment.[2] These motions are ripe for decision, and the Court is prepared to rule. For the reasons stated below, the Court denies Plaintiff's motions.

---

[1] Doc. 56. W. James Foland entered a limited entry of appearance pursuant to D. Kan. Local Rule 83.5.8 for purposes of responding to Plaintiff's Motion for Default Judgment.

[2] Doc. 58.

**I.     Background**

After the JCADC filed a *Martinez* Report, the court screened the Amended Complaint[3] under 28 U.S.C. § 1915A and determined that Counts I, III, XIV, XVI, and XVII of the Amended Complaint survive screening and require a responsive pleading.[4] The court dismissed Counts II, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XV, and XVIII of the Amended Complaint for failure to state a claim. Because Plaintiff proceeds in forma pauperis, the Clerk of the Court must undertake service of process under 28 U.S.C. § 1915(d). Thus, the court directed the Clerk to prepare and issue waiver of service forms for the following Defendants named in the Amended Complaint: Johnson County Board of Commissioners, Calvin Hayden, Summit Company, Robb Nathaniel, Brian Zeeff, and FNU LNU 3 (Summit Dietician). Waivers of service issued to all Defendants on December 10, 2024.

Defendants Johnson County Board of Commissioners, Calvin Hayden, and Brian Zeeff waived service on January 8, 2025, and timely filed answers on February 10, 2025.[5] They also filed a motion for summary judgment that remains pending.[6] In the meantime, on January 21, Plaintiff filed the instant motion for summary judgment, in which he seeks "summary judgment under Rule 12. Failure to respond to summons."[7]

No waivers were returned for Summit Company, Nathaniel, or the unknown Summit dietician. According to the Amended Complaint, Nathaniel is an employee of Summit Company. The waiver of service to Summit Company was sent to the address provided by

---

[3] Doc. 28.

[4] Doc. 43.

[5] Docs. 48–50, 53, 54; *see* Fed. R. Civ. P. 12(a)(1)(A).

[6] Doc. 62.

[7] Doc. 51 at 1.

Plaintiff: 500 East 52nd Street North, Sioux Falls, South Dakota 57104.[8]  On February 18, 2025, Plaintiff filed a motion for default judgment as to Summit Company.  Ten days later, Foland entered a limited appearance on behalf of Summit Food Service, LLC for the purpose of opposing Plaintiff's motion for default judgment,[9] in which it argues that it was not properly served.[10]  It contends that Plaintiff sued the wrong entity at the wrong address.  Foland's entry of appearance provided Plaintiff with the correct party name and address where service would be accepted.

On April 21, 2025, presiding Magistrate Judge Rachel Schwartz issued an Order regarding the remaining Defendants who had not yet been properly served—Summit Company, Nathaniel, and the unknown dietician.  She directed Plaintiff to provide the correct addresses for these remaining Defendants so that the Clerk could issue summons and the United States Marshals Service could effect service.  Plaintiff responded one day past the deadline and provided the address for "Summit Company" at 500 East 52nd Street N 4435 Main Street, Suite 920 Sioux Falls, SD 57104.[11]  He directed the Clerk to the following addresses for Nathaniel and the unknown dietician: (1) "500 East 52nd Street N 4435 Main Street, Suite 920 Sioux Falls, SD 57104. Summit Company main address, place of business.";  (2) "4601 E. Douglas Avenue #700, Wichita, Kansas 67218.  Parent Company Location."; and (3) "101 N Kansas Ave, Olathe Ks 66061. John[s]on County Jail where Summit Company is Employed by the Sheriff's Office.

---

[8] Doc. 58-1.

[9] Doc. 56.

[10] Doc. 58.

[11] Doc. 67.

Employees and Supervisors Robb Nathaniel and Dietician run this facilioty [sic]."[12]  In that filing, Plaintiff alleges that Summit Company is hiding behind a shell company. Judge Schwartz granted Plaintiff's request to serve the remaining Defendants at all three addresses, but cautioned him that "it remains his obligation to provide addresses at which Defendants can be served. See ECF No. 60 (citing cases).  If these Defendants are not properly and timely served, Plaintiff's claims against these Defendants may be dismissed. See Fed. R. Civ. P. 4(m)."[13]

Summons issued to the remaining Defendants at the three addresses Plaintiff provided on May 20, 2025.  Summons was filed as returned executed on June 4, 2025 for all three Defendants at the Olathe, Kansas address.[14]  The return receipt for that address does not contain Nathaniel's signature.  It was filed as returned unexecuted for Nathaniel at the South Dakota address on June 12, 2025, but filed as returned executed at that address on June 17, 2025.[15]  Again, Nathaniel's return does not contain his signature.

Also on June 17, Summit Food Service, LLC filed its Answer.  In its Answer, it "admits it is a citizen of Sioux Falls, South Dakota and that Summit Food Service, LLC provided commissary services at the Johnson County Department of Corrections Adult Residential Center,"[16] but otherwise generally denies the allegations in the Amended Complaint.

---

[12] *Id.* at 2.  On February 28, 2025, Summit Food Service, LLC filed its Corporate Disclosure Statement, which lists two parent corporations, Elior, Inc. and Corporate Creations Network, Inc, that are located at the other two addresses Plaintiff provided in his response to Judge Schwartz.

[13] Doc. 70 at 1 n.1.

[14] Doc. 73.

[15] Docs. 77, 80.

[16] Doc. 79 ¶ 3.

4

## II.  Application for Clerk's Entry of Default Against Summit Company

Plaintiff moves for default judgment against Summit Company, arguing that its failure to timely plead or otherwise respond to Plaintiff's Amended Complaint results in its default. The Court construes Plaintiff's Motion for Default Judgment as an application for clerk's entry of default.[17] A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days if the defendant waives service.[18] When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against the party.[19]

Plaintiff's motion must be denied. Defendant Summit Company has still not been served. And Plaintiff filed this motion for default before Summit Food Service, LLC filed its limited entry of appearance and provided correct service information. Once Plaintiff provided the correct addresses to the Clerk, summons was returned executed and Summit Food Service, LLC filed its Answer. Thus, default is not appropriate because Summit Food Service, LLC has been served and responded to the Amended Complaint and Summit Company has not been served. To the extent Defendant claims Plaintiff named the wrong Defendant, that is not appropriately decided on this motion for default.

## III.  Motion to Strike

Plaintiff moves to strike W. James Foland's entry of appearance on behalf of Summit Food Service, LLC and Summit Food Service, LLC's response to Plaintiff's motion for default

---

[17] Indeed, Plaintiff's motion acknowledges that obtaining a default judgment is a two-step process: (1) the entry of default and (2) the entry of a default judgment. *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").

[18] Fed. R. Civ. P. 12(a)(1).

[19] Fed. R. Civ. P. 55(a).

5

judgment because Summit Company is in default. However, as explained above, neither Summit Company nor Summit Food Service, LLC is in default. Thus, because Summit Food Service, LLC is not in default, and Plaintiff has not stated another reason why the Court should strike W. James Foland's limited entry of appearance or Summit Food Service, LLC's response to Plaintiff's motion for default judgment, Plaintiff's motion to strike is denied.

## IV.  Motion for Summary Judgment

On January 21, 2025, Plaintiff moved for summary judgment on the basis that none of the Defendants responded to the summons issued in December 2024. In considering Plaintiff's motion, the Court is mindful that Plaintiff proceeds pro se; therefore, the Court must construe his pleadings liberally.[20] However, pro se plaintiffs may not rely on conclusory allegations to overcome their burden to establish that a general issue of material fact exists.[21] Additionally, a pro se litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[22]

Here, Plaintiff moves for summary judgment, which is governed by Fed. R. Civ. P. 56, yet invokes Rule 12 and argues that the basis for summary judgment is Defendants failure to respond to summons. Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[23] But Plaintiff does not bring forward facts, or provide citations to the record, in his motion for summary judgment that would demonstrate the absence of a genuine issue of material fact

---

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002).

[22] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[23] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

that warrants summary judgment. Instead, Plaintiff argues throughout his motion that summary judgment is warranted because Defendants did not respond to the waivers of service issued in December 2024. Since Plaintiff seeks judgment for failure to respond to his pleading, the motion is governed by Fed. Civ. P. 55; thus, the Court liberally construes the motion as one for default.

As stated above, when a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, the first step is that default should be entered against the party.[24] As the Court has already discussed, Summit Food Services, LLC has been served and filed an Answer.[25] That answer was timely because it was filed within 21 days of service of the renewed summons that was served on May 27, 2025. Defendants Johnson County Commissioners, Hayden, and Zeeff filed waivers of service and a Joint Answer. The Answer was timely because it was filed within 60 days of signing waiver of service forms. They also filed a motion for summary judgment.

That leaves Nathaniel and the unnamed Summit dietician. Plaintiff provided three business addresses for these two Defendants, well after filing this motion for default. The summonses were filed as returned executed at the Olathe, Kansas and South Dakota addresses, but Plaintiff has still not identified the dietician, and Nathaniel did not sign the certified receipt at either location on his own behalf. Neither federal nor state law allow a Plaintiff to serve an individual by leaving a copy of the summons and complaint with someone other than the defendant at their place of employment.[26] Thus, service was not proper on these Defendants and Plaintiff's motion for default against them must be denied.

---

[24] Fed. R. Civ. P. 55(a).

[25] Summit Company has not been served and there is a question about whether it is the correct Defendant. The Court will be issuing an Order to Show Cause to Plaintiff as to this Defendant.

[26] Fed. R. Civ. P. 4(e); K.S.A. § 60-304(a) (providing service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process"); *see Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (finding that the plaintiff failed to follow the statutory requirements

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Summary Judgment (Doc. 51), which this Court construes as a motion for entry of default, is **denied.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff Steven Crump's Motion for Default Judgment (Doc. 55) and Motion to Strike (Doc. 59) are **denied**.

**IT IS SO ORDERED.**

Dated: August 13, 2025

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

for return receipt delivery at an individual's business address and that the plaintiff also failed to substantially comply with the statute "by failing to assure that service was actually made on the defendant or his authorized agent"); *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016) (explaining that under Kansas law, delivery by certified mail to individual Defendants' business addresses without first attempting service at their homes is insufficient).