## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

      Plaintiff,

      v.

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

      Defendants.

Case No. 24-3046-JAR-RES

### ORDER TO SHOW CAUSE

      Plaintiff Steven Crump, proceeding pro se and in forma pauperis, brings this lawsuit against several Defendants, including Summit Company, who Plaintiff alleges was the contracted food service provider at Johnson County Adult Detention Center. However, as the Court explained in its recent order denying Plaintiff's motion for default judgment and motion to strike,[1] Summit Food Service, LLC asserts that it and not Summit Company, was the contracted food service provider at Johnson County Adult Detention Center. Although Summit Food Service, LLC has been served and has filed an Answer, Summit Company continues to be named as the Defendant and has not been served. Additionally, Plaintiff has not properly served Defendants Robb Nathaniel or FNU LNU 3 (Summit Dietician). Under Fed. R. Civ. P. 4(c)(3), a plaintiff proceeding in forma pauperis is entitled to have the summons and complaint served by the United States Marshals Service ("Marshals Service"). But while his in forma pauperis status meant that he was entitled to rely on the Clerk of Court and the Marshals Service to effect proper

---

[1] Doc. 94.

service of process on his behalf,[2] "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."[3]

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed his Amended Complaint on August 7, 2024, well over 90 days ago. Summit Food Service, LLC has still not been named or served in this action, nor has it waived service, despite providing Plaintiff with notice of the correct entity to be named and served on February 28, 2025.[4]

Accordingly, the Court orders Plaintiff to show cause in writing why the Court should not dismiss this action against Summit Company, Nathaniel, and the unknown Summit dietician without prejudice under Fed. R. Civ. P. 4(m). Plaintiff may move for leave to amend for the limited purpose of substituting the correct Defendant. If Plaintiff does not show good cause and/or move for leave to amend by August 27, 2025, the Court will dismiss this action without prejudice against Summit Company, Nathaniel, and the unknown Summit dietician.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall show good cause in writing to the Court why this action should not be dismissed without prejudice against Defendants Summit Company, Nathaniel, and the unknown Summit dietician for failure to serve within the 90-day time limit established by Fed. R. Civ. P. 4(m) and/or, may move for leave to amend to substitute the correct Summit Defendant on or before **August 27, 2025**. Failure to do so will result in dismissal of the above-named Defendants without prejudice.

---

[2] Doc. 14 at 2–3.

[3] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

[4] Doc. 56 at 2; *see also* Doc. 58-2.

**IT IS SO ORDERED.**

Dated: August 13, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE