IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

    **Defendants.**

Case No. 24-3046-JAR-RES

## MEMORANDUM AND ORDER

Plaintiff Steven Crump, who proceeds pro se and in forma pauperis, was detained at the Johnson County Adult Detention Center ("JCADC") at the time he filed this 42 U.S.C. § 1983 lawsuit against the Johnson County Board of Commissioners and others, generally alleging that they violated his First Amendment rights by not providing kosher meals during Ramadan and Passover, not providing halal meals for Muslims, and serving sack lunches of non-approved halal food. This matter is now before the Court on Plaintiff's Notice to the Court and Motion to Amend Complaint to Substitute Correct Defendants (Doc. 98), which responds to the Court's August 13, 2025 Order to Show Cause why three of the Defendants should not be dismissed for failure to timely serve them under Fed. R. Civ. P. 4(m).[1] For the reasons stated below, the Court grants Plaintiff's motion to substitute and directs Summit Food Service, LLC to take certain actions to facilitate service on the remaining two individual Defendants, who are alleged to be its employees.

---

[1] Doc. 95.

**I.     Background**

On August 13, 2025, the Court issued two Orders addressing service issues involving three of the Defendants named in this case: Summit Company, Robb Nathaniel, and an unnamed "Summit dietician."[2] Plaintiff sought orders of default judgment against these Defendants, but the Court found default was not warranted because they had not been properly served. Although Defendant Summit Company had still not been served, Summit Food Service, LLC was served and filed its Answer. Yet, Plaintiff had not substituted the correct Defendant. In its Order to Show Cause, the Court directed Plaintiff to show good cause why Summit Company should not be dismissed under Rule 4(m) and/or move for leave to substitute the correct Defendant.

Plaintiff provided three business addresses for Nathaniel and the unknown Summit dietician, and summonses were sent to those addresses. The summonses were filed as returned executed at the Olathe, Kansas and South Dakota addresses, but Plaintiff has still not identified the dietician, and Nathaniel did not sign the certified receipt at either location on his own behalf. Thus, the Court required Plaintiff to show cause why it should not dismiss Nathaniel and the unknown Summit dietician for failure to serve within the 90-day time limit established by Fed. R. Civ. P. 4(m).

**II.    Discussion**

In the instant motion, Plaintiff moves for leave to amend in order to substitute Summit Food Service, LLC for Summit Company. The Court grants Plaintiff leave to substitute the correct party, and the Clerk is hereby directed to terminate Summit Company on the docket and add Summit Food Service, LLC.

---

[2] Docs. 95, 96.

As for the two individual Defendants who Plaintiff alleges are employees of Summit Food Service, LLC, Plaintiff seeks leave to amend to properly reflect that they are employees of Summit Food Service, LLC and not Summit Company.  While the Court grants this limited request, Plaintiff's response to the Order to Show Cause does not address the service deficiencies identified in the Court's August 13 Orders.  As the Court explained, neither federal nor state law allow a Plaintiff to serve an individual by leaving a copy of the summons and complaint with someone other than the defendant at their place of employment.[3]  And Plaintiff has not yet identified the unnamed dietician in order to properly serve that person.  Thus, even if the Court directs the Clerk to reissue the summonses, they would once again go to these individuals' business address.

The Court therefore will direct Summit Food Service, LLC, to provide the last known address for its employee, Defendant Robb Nathaniel, to be filed under seal and used only for purposes of service, by **September 12, 2025**.  Summit Food Service, LLC is also directed to include in this sealed filing the full name of the unnamed dietician Defendant, if it is able to identify that person based on Plaintiff's descriptions in the case file, along with that person's last known address, again, to be used only for purposes of service.  Once this information is on file, the Clerk will issue summons(es) so that the USMS can serve the remaining Defendants.  In the alternative, Summit Food Service, LLC may file a notice on the docket sheet by September 12,

---

[3] Fed. R. Civ. P. 4(e); K.S.A. § 60-304(a) (providing service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process"); *see Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (finding that the plaintiff failed to follow the statutory requirements for return receipt delivery at an individual's business address and that the plaintiff also failed to substantially comply with the statute "by failing to assure that service was actually made on the defendant or his authorized agent"); *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016) (explaining that under Kansas law, delivery by certified mail to individual Defendants' business addresses without first attempting service at their homes is insufficient).

2025, that it intends to accept service or a waiver of service on behalf of these individual employee Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint to Substitute Correct Defendants (Doc. 98) is **granted**.  The Clerk is hereby directed to terminate Summit Company on the docket and add Summit Food Service, LLC.  Summit Food Service, LLC, is directed to provide the last known address for its employee, Defendant Robb Nathaniel, to be filed under seal and used only for purposes of service by **September 12, 2025**.  Summit Food Service, LLC is further directed to include in this sealed filing the full name of the unnamed dietician Defendant if it is able to identify that person based on Plaintiff's descriptions in the case file, along with that person's last known address, again, to be used only for purposes of service.  In the alternative, Summit Food Service, LLC may file a notice on the docket sheet by **September 12, 2025**, that it intends to accept service or a waiver of service on behalf of these individual employee Defendants.

**IT IS SO ORDERED.**

Dated: August 28, 2025

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE