IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

v.

JOHNSON COUNTY BOARD OF
COMMISSIONERS, et al.,

    **Defendants.**

Case No. 24-3046-JAR-RES

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Steven Crump's Motions for Sanctions (Docs. 101, 108) and Motion to Compel and for Sanctions (Doc. 102) against Defendant Summit Food Service, LLC. The motions are fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiff's motions for sanctions and denies as moot Plaintiff's motion to compel.

**I.**    **Background**

On August 28, 2025, the Court entered an Order regarding service on Defendant Robb Nathaniel and the unnamed Summit Food Service, LLC ("Summit") dietitian named in the Amended Complaint.[1] The Order directed Summit to file under seal, by September 12, 2025, the last known address for its employee, Robb Nathaniel, to be used only for purposes of service. The Order further directed Summit to include in the same sealed filing the full name of the unnamed dietitian Defendant named in the Amended Complaint, if it was able to identify that

---

[1] Doc. 100.

person based on Plaintiff's descriptions in the case file, along with that person's last known address, again to be used only for purposes of service.

Summit did not make the required filing by the September 12, 2025 deadline. After the deadline passed, Plaintiff moved for sanctions and to compel Summit's compliance with the Court's August 28 Order.[2] Summit then filed the required information under seal on October 2, 2025.[3] In that filing, Summit provided the last known address for Robb Nathaniel, identified the unnamed dietitian Defendant as Dana Kurtz, and agreed to accept service on Kurtz's behalf. Plaintiff thereafter filed an additional motion for sanctions based on Summit's untimely compliance with the Court's August 28 Order.[4] In his motions for sanctions, Plaintiff asks the Court to strike Summit's untimely filing, impose monetary sanctions in the amount of $50,000, and issue a formal warning to Summit.

## II.    Analysis

Plaintiff argues that the Court should impose sanctions under several bases, including Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b), and the Court's inherent authority. The Court first considers whether it has authority to issue sanctions under each source and then addresses whether sanctions are appropriate under the applicable framework.

### A.  Authority to Impose Sanctions

First, the Court finds that it does not have authority to impose sanctions under Rule 37(b) because that Rule applies only when a party fails to obey a discovery order. The Court's prior Order regarding service on Defendant Robb Nathaniel and the unnamed Summit dietitian was

---

[2] Docs. 101, 102.

[3] Doc. 106.

[4] Doc. 108.

2

not a discovery order as contemplated by Rule 37, which refers only to orders issued under Rules 26(f), 35, or 37(a).

Second, although the Court possesses inherent authority to sanction litigants, it declines to exercise that authority here. To exercise its inherent authority, the Court must find that "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[5] Here, the record does not support such a finding. As discussed above, Summit missed the September 12, 2025 deadline set forth in the Court's August 28 Order and did not file the required information under seal until October 2, 2025. Summit explains that the delay was inadvertent and resulted from its efforts to conduct a thorough search of its records to identify the correct individual referenced in Plaintiff's Amended Complaint. Summit has since complied with the Court's Order by filing the information under seal and accepting service on behalf of the previously unnamed Summit dietitian Defendant. On this record, the Court does not find that Summit's late filing was intentional, an abuse of the judicial process, or intended to deprive Plaintiff of the ability to pursue his claims against these Defendants. Accordingly, the Court declines to exercise its inherent authority as a basis for sanctions.

However, the Court agrees with Plaintiff that it has authority to impose sanctions under Rule 16(f). Rule 16(f) provides in relevant part:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>>
>> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.[6]

---

[5] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).

[6] Fed. R. Civ. P. 16(f)(1).

Here, Summit's failure to comply with the deadline set forth in the Court's August 28 Order constitutes a failure to obey a pretrial order within the meaning of Rule 16(f)(1)(C). Accordingly, the Court has authority under Rule 16(f) to impose sanctions.

### B. Whether the Imposition of Sanctions is Proper

Having established the Court's authority, the Court now turns to whether sanctions are appropriate under the circumstances. The imposition of sanctions under Rule 16(f) is subject to the Court's discretion.[7] In addition to authorizing certain sanctions identified in Rule 37, Rule 16(f)(2) provides that

> [i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees— incurred because of any noncompliance with this rule, *unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.*[8]

Here, the Court declines to impose sanctions or award expenses against Summit. Although Summit's untimely filing violated the Court's August 28 Order, the Court has discretion under Rule 16(f) whether to impose sanctions for such noncompliance. And even as to expenses, Rule 16(f)(2) requires only an award of "reasonable expenses," which in no event would be the $50,000 amount requested by Plaintiff.

Summit has explained that the delay in filing the information under seal was inadvertent and resulted from its efforts to conduct a thorough search of its records to identify the correct individual referenced in Plaintiff's Amended Complaint. Although Summit should have moved for an extension of time in advance of the September 12 deadline rather than filing late, the delay had little, if any, impact on the proceedings in this case. Plaintiff does not allege that he suffered

---

[7] *In re Baker*, 744 F.2d 1438, 1440–42 (10th Cir. 1984).

[8] Fed. R. Civ. P. 16(f)(2) (emphasis added).

any prejudice from the late filing or that the length of the delay was otherwise unreasonable. Moreover, Plaintiff does not appear to have incurred any expenses as a result of Summit's noncompliance with the Court's Order. Under these circumstances, the Court finds that an award of expenses or other sanctions would be unjust and therefore denies Plaintiff's motions for sanctions. Furthermore, because Summit has already filed the information under seal as directed by the Court's August 28 Order, the Court also denies as moot Plaintiff's motion to compel Summit to comply with that Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Sanctions (Docs. 101, 108) and Plaintiff's request for sanctions in his Motion to Compel and for Sanctions (Doc. 102) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and for Sanctions (Doc. 102) is **denied as moot** to the extent it seeks to compel Summit to comply with the Court's August 28, 2025 Order.

**IT IS SO ORDERED.**

Dated: December 4, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
